IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



COLUMBIA GAS TRANSMISSION, LLC,

    Plaintiff,

v.                                      CIVIL ACTION NO. 2:18-cv-258

NRGC DEVELOPMENT, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), is Defendant NRGC Development, LLC's ("Defendant") Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. ECF No. 6. Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Columbia Gas Transmission, LLC ("Plaintiff") maintains and operates natural gas transmission pipelines throughout the United States. Compl. at 2. The dispute arises from two high-pressure natural gas transmission pipelines that Plaintiff maintains and operates in Suffolk, Virginia. *Id.* at 5. Plaintiff claims that Defendant's predecessors in interest granted Plaintiff's predecessor in interest a right of way through their Suffolk property so that Plaintiff could maintain and operate its pipelines. *Id.* at 3-5. The right of way allegedly passed to Plaintiff through subsequent transactions and is allegedly recognized in the deed conveying the property to Defendant. *Id.* at 5. Defendant seeks to build paved roads over the alleged right of

1

way to serve its residential development. *Id.* at 6; ECF No. 7 at 2. Plaintiff alleges that this is a breach of the right of way agreements and will impair Plaintiff's ability to maintain and operate its pipelines. Compl. at 6-7. Plaintiff filed suit against Defendant on May 17, 2018, seeking declaratory and injunctive relief. *Id.* at 1. On June 4, 2018, Defendant filed this Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 6. Plaintiff filed a Response to the Motion to Dismiss on June 15, 2018, ECF No. 9, and Defendant filed a Reply on June 20, 2018, ECF No. 10. On July 23, 2018, the Court ordered Plaintiff to file a supplemental pleading concerning whether the Court has complete diversity in this case. ECF No. 11. Upon the Court's Order, Plaintiff filed a Supplemental Statement regarding subject matter jurisdiction on August 6, 2018. ECF No. 12. Defendant filed a Response to the Supplemental Statement on August 10, 2018. ECF No. 13.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Generally

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Unless a matter involves an area over which federal courts have *exclusive* jurisdiction,[1] a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 (1980), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) (2011).

The court assumes that all factual allegations in the complaint are true if it is contended

---

[1] *See* 28 U.S.C. § 1333 (1949) (federal courts have exclusive jurisdiction to hear admiralty, maritime, and prize cases); 28 U.S.C. § 1334 (2005) (federal courts have exclusive jurisdiction to hear bankruptcy cases and proceedings).

that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues, *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). A party moving for dismissal for lack of subject matter jurisdiction should prevail only if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as matter of law. *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768. Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B. Diversity Jurisdiction for Limited Liability Companies**

A federal court has subject matter jurisdiction over disputes involving diversity jurisdiction. 28 U.S.C. § 1332(a). Diversity jurisdiction exists when adverse parties to a lawsuit are citizens of different states. 28 U.S.C. § 1332(a)(1). For diversity purposes, a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company ("LLC"), however, "turns not on its place of formation or principal place of business, but on the citizenship of [its] members." *Travelers Indem. Co. of Am. v. Portal Healthcare Solutions, LLC*,

644 F. App'x 245, 246 (4th Cir. 2016); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that the citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members). The citizenship of an LLC is determined by the citizenship of all of its members. *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Contreras v. Thor Norfolk Hotel, LLC*, 292 F. Supp. 2d 794, 798 (E.D. Va. 2003). In other words, an LLC is a citizen of every state where its members are citizens. *Id.* Federal diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that "the state citizenship of each plaintiff must be different from that of each defendant." *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (holding that "the current general-diversity statute [28 U.S.C. § 1332(a)] . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). In the case of an LLC suing another LLC, this means that none of the plaintiff's members may be citizens of the same state as any of the defendant's members. *Athena Auto., Inc.*, 166 F.3d at 290.

Federal Rule of Civil Procedure 8(a)(1) requires a plaintiff's complaint to make "a short and plain statement of the grounds for the court's jurisdiction." In order to do so, the plaintiff must allege "the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). This rule applies to diversity cases, so in order to successfully invoke diversity jurisdiction, a plaintiff must make sufficient allegations to show that jurisdiction exists. *Id.* At the very least, this requires the plaintiff to allege facts showing complete diversity of citizenship between the parties. *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968), *cert. denied*, 393 U.S. 891 (1968).

This Court's decision in *Contreras* helps to clarify what allegations are sufficient to

establish diversity of citizenship. The defendant, an LLC, removed to federal court on the basis of diversity jurisdiction. *Contreras*, 292 F. Supp. 2d at 795. To establish diversity of citizenship in the notice of removal, the defendant alleged that it was not a citizen of Virginia or Georgia (the state of which the plaintiff was a citizen) because none of its members were citizens of these states. *Id*. The plaintiff moved to remand, arguing that the defendant insufficiently pled diversity because it did not identify any of its members or set forth the states in which they resided. *Id*. at 796. This Court found that the defendant's allegations were sufficient to establish diversity of citizenship, stating, "[a]n allegation of diversity is defective only where it 'fails to negate the possibility that diversity does not exist.'" *Id*. at 797 (quoting *Baer v. United States Auto. Ass'n*, 503 F.2d 393, 397 (2nd Cir. 1974)). The Court held that, in order to successfully plead diversity of citizenship, the LLC was only required to "set forth enough information for the Court to determine that complete diversity exists." *Id*. The defendant accomplished this by making allegations about the citizenship of its members without identifying its members. *Id*.

Other courts in this District have reached similar conclusions. For example, one has stated that "[t]o sufficiently allege the citizenships of [an LLC], a party must list the citizenships of all the members of the [LLC]." *VA C 12266 Jefferson, LLC v. Mattress Warehouse Inc.*, No. 4:14CV34, 2014 WL 5311453, at *3 (E.D. Va., Oct. 16, 2014) (quoting *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)) (internal quotation marks omitted). As in *Contreras*, the party was required to state the citizenships of the LLC's members but was not explicitly required to identify those members.

### III. DISCUSSION

In its Complaint, Plaintiff states that this Court has diversity jurisdiction because there is diversity of citizenship and the amount in controversy exceeds $75,000. Compl. at 3. Plaintiff

states that it is a Delaware LLC with its principal place of business in Texas. *Id.*; ECF No. 12. It also states that its sole member is Columbia Pipeline Group Operating Company LP ("OpCo"), a Delaware LP that has one general partner and three limited partners. Compl. at 3; ECF No.12. Plaintiff states that for diversity purposes, these partners are all citizens of Delaware and Texas. Compl. at 3; ECF No.12. Defendant is a Virginia LLC with offices in Virginia Beach, Virginia and it owns land in Suffolk, Virginia. Compl. at 3.

In the Motion to Dismiss, Defendant argues that Plaintiff fails to state sufficient facts to establish diversity of citizenship of the parties because Plaintiff does not allege sufficient facts regarding the citizenship of the parties' members and partners. ECF No. 7 at 1. According to Defendant, Plaintiff must "identify and give facts regarding the citizenship of all [members, partners,] and sub-entities to invoke diversity jurisdiction." *Id.* at 2. Defendant argues that Plaintiff fails to do so because the Complaint does not (1) identify "all members and partners as well as sub-members and sub-partners of the various entities with an ownership interest in Plaintiff," and (2) "allege sufficient facts regarding the citizenship of Defendant[.]" *Id.* Defendant contends that Plaintiff not only needs to allege the citizenship of its members, but that it also must identify them to sufficiently plead diversity of citizenship. Defendant also briefly notes its allegation that Plaintiff failed to make a complete corporate disclosure statement as required by Local Rule 7.1 *Id.* at 6, n. 4.

Plaintiff argues in opposition that it is not required to identify its members in order to sufficiently plead diversity of citizenship. ECF No. 9 at 6-8. Plaintiff contends that its allegations are sufficient to establish diversity of citizenship because the Complaint alleges that Plaintiff's members are citizens of Delaware and Texas. *Id.* Plaintiff argues that this amounts to the allegation that its members are not citizens of Virginia, where Defendant is a citizen. *Id.*

6

Plaintiff seeks support in *Contreras*, where this Court held that alleging that an LLC's members are not citizens of the state where the adverse party is a citizen was sufficient to establish complete diversity. *Id.* at 7. Plaintiff also argues that it sufficiently establishes Defendant's citizenship by alleging that Defendant is a citizen of Virginia. *Id.* at 8-12. Plaintiff adds that Defendant has identified itself as a citizen of Virginia since the time of the Complaint. *Id.* at 12. Lastly, Plaintiff argues that if the Court finds that its pleading is defective, it should be allowed leave to amend its Complaint. *Id.* at 12-13.

In Defendant's Reply in Support of Motion to Dismiss, Defendant renews its arguments from the Motion to Dismiss and restates its allegation that Plaintiff has made an incomplete Local Rule 7.1 disclosure. ECF No. 10 at 2-3. Defendant states that Local Rule 7.1 requires Plaintiff to identify its members and alleges that Plaintiff failed to do so. *Id.* However, in Defendant's Response to Plaintiff's Supplemental Statement, Defendant concedes that Plaintiff now alleges facts sufficient to facially establish diversity of citizenship. ECF No. 13.

Defendant raises a facial challenge to subject matter jurisdiction because it argues that Plaintiff simply failed to allege facts upon which subject matter jurisdiction can be based. *Adams*, 697 F.2d at 1219. Therefore, the Court assumes that all factual allegations in the complaint are true. *Id.* The Court finds that Plaintiff has adequately pled diversity of citizenship by alleging that its members are citizens of Delaware and Texas. ECF No. 12. The Court has held broadly that "an allegation of diversity if defective *only* where it 'fails to negate the possibility that diversity does not exist.'" *Contreras*, 292 F. Supp. 2d at 797 (quoting *Baer*, 503 F.2d at 397). Under *Contreras*, Plaintiff has made sufficient allegations to negate the possibility that diversity does not exist. ECF No. 12. Specifically, Plaintiff alleges in its Complaint and Supplemental pleading that its members are citizens of Delaware and Texas for diversity

purposes, and that Defendant is a citizen of Virginia. Compl. at 2; ECF No. 12. Also, Defendant concedes that Plaintiff's Supplemental Statement now alleges facts sufficient to establish diversity of citizenship. ECF No. 13.

In addition to alleging that Plaintiff's Complaint is defective, Defendant alleges that Plaintiff violated Local Rule 7.1 by not identifying its members in its financial disclosure. Local Rule 7.1 requires corporate and non-corporate entities to "file a statement that: . . . identifies all parties in the partnerships, general or limited, or . . . members of non-publicly traded entities such as LLCs . . ." E.D. Va. Local Civ. R. 7.1(A)(1)(b) (2018). Defendant does not assert that this rule is the basis for a motion to dismiss. The Court will therefore not address these allegations here, as they do not pertain to the instant Motion.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 14, 2018

/s/
**Raymond A. Jackson**
**United States District Judge**